UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RICHARD L. STACEY, SR., individually as the natural brother and heir to EDWIN B. STACEY, deceased; DOUGLAS J. STACEY, individually as the natural brother and heir to EDWIN B. STACEY, deceased; and KENNETH J. STACEY, as the natural brother and heir to EDWIN B. STACEY, deceased,<br><br>      Plaintiffs,<br><br>v.<br><br>COUNTY OF MADISON, a subdivision of the state of Idaho; RICK S. HENRY, in his official capacity as the Sheriff of Madison County Sheriff's Office and in his individual capacity; MADISON COUNTY SHERIFF'S OFFICE; MADISON COUNTY DETENTION CENTER; STATE OF IDAHO; and JOHN/JANE DOES I through X, whose true identities are presently unknown,<br><br>      Defendants. | Case No. 4:23-cv-00119-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

      Pending before the Court is Plaintiffs' Motion to Consolidate (Dkt. 30). The Court finds oral argument would not significantly aid its decision-making process and decides the motion on the parties' briefing. *See* Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). For the reasons set forth below, the Court grants the motion to consolidate.

**MEMORANDUM DECISION AND ORDER - 1**

## I. BACKGROUND

This case concerns the death of Edwin B. Stacey on October 8, 2021, while incarcerated at the Madison County Detention Center (MCDC). (Dkt. 18). Plaintiffs, Stacey's brothers and putative heirs, initiated this lawsuit in March 2023, against Defendants, entities and individuals related to Madison County. Plaintiffs assert claims under 42 U.S.C. § 1983 and state law, alleging Stacey was killed by another MCDC prisoner because of Defendants' negligence and misclassification of inmates. (Dkt. 18).

The parties are currently engaged in discovery. (Dkt. 30-2, ¶ 4). Plaintiffs allege, however, that Defendants' initial disclosures and later discovery responses were deficient. (*Id.* at ¶¶ 5-7). As a result, Plaintiffs indicate they failed to identify two individuals, Captain Jared Willmore and then-Sergeant Mitch Grover,[1] as parties who should be joined as defendants in this lawsuit until shortly before the relevant statute of limitations expired in October 2023. (*Id.* at ¶¶ 8-9). Accordingly, to avoid any statute of limitations issue, Plaintiffs initiated a separate lawsuit naming Captain Willmore and Sergeant Grover as defendants by filing a nearly identical complaint as the one in this case. *See Stacey, et al. v. Cnty. of Madison, et al.*, 4:23-cv-00444-BLW (D. Idaho Oct. 10, 2023). Plaintiffs have since filed a motion to consolidate in this case, seeking to combine the two lawsuits. (Dkt. 30). Defendants oppose the motion. (Dkt. 31).

## II. LEGAL STANDARD

Federal courts should construe the Federal Rules of Civil Procedure in such a way as to secure the "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Under Rule 42 of the Federal Rules of Civil Procedure, a court may consolidate separate

---

[1] Plaintiffs allege Captain Willmore supervised all employees at the MCDC and that Sergeant Grover was the MCDC's classification deputy at the time of Stacey's death. Plaintiffs allege both positions are relevant to the allegations made in their complaint but were not disclosed by Defendants in their initial disclosures or later discovery responses.

actions pending in the same district if they involve a common question of law or fact. *See* Fed. R. Civ. P. 42(a)(2). "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist.*, 877 F.2d 777, 777 (9th Cir. 1989). "When deciding whether to consolidate, a court weighs the potential for increased efficiency against any inconvenience, delay, or expense consolidation would cause." *Does v. BSA*, 2017 WL 5571572, at *1 (D. Idaho Nov. 20, 2017) (citing *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984)).

### III.  ANALYSIS

In their motion to consolidate, Plaintiffs request the Court consolidate their two related actions against the Madison County Defendants because both actions share the same facts and claims and because consolidation serves judicial economy. Defendants respond that the motion to consolidate should be denied because it is an improper attempt by Plaintiffs to join Captain Willmore and Sergeant Grover after the deadline to join parties in the scheduling order. The parties also dispute, in the event the motion to consolidate is granted, whether the Court should stay consolidation until after the judge in the second lawsuit has resolved a pending motion to dismiss filed by the Madison County Defendants. (*See* 4:23-cv-00444-BLW, Dkt. 7).

The Court will grant the motion to consolidate. As a threshold matter, the Court finds, and the parties agree, that both lawsuits involve common questions of law and fact. Both actions stem from the death of Edwin Stacey, involve nearly identical allegations and parties (except Captain Willmore and Sergeant Grover), and assert the same claims. The Court has discretion, therefore, to consolidate the cases under Federal Rule of Civil Procedure 42(a).

The Court also concludes consolidation is appropriate here for several reasons. For one, consolidation increases judicial efficiency because common legal and factual determinations can be decided once rather than twice. Consolidation also decreases each party's costs by limiting

**MEMORANDUM DECISION AND ORDER - 3**

litigation to one case. Consolidation is also appropriate as a matter of fairness to Plaintiffs. Significantly, Defendants have not responded to Plaintiffs' allegations that Defendants' initial disclosures and discovery responses were deficient. Moreover, those allegations do not appear to be unfounded, considering Defendants' initial disclosures and discovery responses failed to identify Captain Willmore and did not identify Sergeant Grover as the MCDC's classification deputy. (Dkt. 30-2, Exs. B, D). While the Court agrees with Defendants that Plaintiffs' motion is an unorthodox attempt to join additional parties outside of the good-cause standard required to amend the scheduling order, the Court will not deny consolidation simply because Plaintiffs have not expressly argued good cause exists. After all, it was Defendants' own actions in discovery that necessitated the present motion. In any event, even if good cause was needed for consolidation, the Court would find good cause exists for the foregoing reasons.

Lastly, as a matter of judicial economy, the Court will not stay consolidation prior to the motion to dismiss being decided in the second lawsuit. In short, it is more efficient to have all related matters decided by a single judge than by separate ones. The Court will issue a decision regarding the motion to dismiss in due course.

## IV.  ORDER

**IT IS ORDERED that:**

1. Plaintiffs' Motion to Consolidate is (Dkt. 30) is **GRANTED**.

2. Case No. 4:23-cv-00444-BLW, *Stacey, et al. v. Cnty. of Madison, et al.*, is hereby consolidated with the above-captioned case and REASSIGNED to Judge Amanda K. Brailsford.

3. All future filings shall be made only in Case No. 4:23-cv-00119-AKB, which is now the lead case. The case caption should include the parties from the above-captioned case as well as Case No. 4:23-cv-00444-BLW. The original of this Order

**MEMORANDUM DECISION AND ORDER - 4**

shall be maintained as part of the record in this case with a signed copy being placed in the file of Case No. 4:23-cv-00444-BLW.

DATED: February 12, 2024

Amanda K. Brailsford
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 5