UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RICHARD L. STACEY, SR., individually as the natural brother and heir to EDWIN B. STACEY, deceased; DOUGLAS J. STACEY, individually as the natural brother and heir to EDWIN B. STACEY, deceased; and KENNETH J. STACEY, as the natural brother and heir to EDWIN B. STACEY, deceased,<br><br>      Plaintiffs,<br><br>      v.<br><br>COUNTY OF MADISON, a subdivision of the state of Idaho; JARED WILLMORE, in his official and individual capacities; MITCH GROVER, in his official and individual capacities; RICK S. HENRY, in his official capacity as the Sheriff of Madison County Sheriff's Office and in his individual capacity; MADISON COUNTY SHERIFF'S OFFICE; MADISON COUNTY DETENTION CENTER; STATE OF IDAHO; and JOHN/JANE DOES I through X, whose true identities are presently unknown,<br><br>      Defendants. | Case No. 4:23-cv-00119-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

      Pending before the Court is Defendants' Motion to Dismiss, which was originally filed in a separate action. (*See Stacey, et al. v. Cnty. of Madison, et al.*, No. 4:23-cv-00444-AKB, ECF No. 7). The Court will address the motion in this case, however, pursuant to the Court's recent order consolidating the two cases. (Dkt. 33). The Court finds oral argument would not significantly aid its decision-making process and decides the motion on the parties' briefing. *See* Dist. Idaho Loc.

**MEMORANDUM DECISION AND ORDER - 1**

Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). For the reasons set forth below, the motion is granted in part and denied in part.

### I.  BACKGROUND

This case concerns the death of Edwin B. Stacey on October 8, 2021, while incarcerated at the Madison County Detention Center (MCDC). (Dkt. 18). The complaint, as amended, alleges as follows: At the time of his death, Stacey was sixty-two and serving a sentence for driving under the influence. The MCDC classified Stacey as a minimum-security inmate and housed him in **PODD**, one of MCDC's four housing areas.

Also housed in Pod D were several other inmates, including Robert Pompa. Prior to being imprisoned at the MCDC, Pompa had been incarcerated at two other state correctional facilities in eastern Idaho while awaiting sentencing on pending federal charges. Both prior facilities had performed risk assessments of Pompa and classified him as a maximum-security inmate based on his criminal history and the severity of his recent offenses. During his time at these facilities, Pompa assaulted and seriously injured other inmates on multiple occasions. On March 31, 2021, Pompa was transferred to the MCDC. The MCDC conducted a risk assessment of Pompa, but despite his lengthy criminal record and pattern of violence toward his fellow prisoners, the MCDC classified him as a medium-security inmate.

On October 8, 2021, when both Stacey and Pompa were housed in Pod D, Stacey got into a verbal altercation with Pompa's cellmate, Cody Williams. Pompa attacked Stacey later that day, hitting Stacey repeatedly on his head and face. Stacey eventually collapsed to the ground, where he laid injured in a pool of his own blood and vomit. A correctional officer performing a routine

check of Pod D discovered Stacey several minutes later, and he was taken to the hospital and pronounced dead shortly after arriving.

Plaintiffs, Stacey's brothers and putative heirs, initiated this lawsuit in March 2023, alleging Stacey's death was the result of the MCDC misclassifying Pompa as a medium-security inmate. The complaint asserted claims under 42 U.S.C. § 1983 against Defendants, individuals and entities related to Madison County, as well as state law claims for negligence/recklessness, negligent supervision, and wrongful death. (Dkt. 18).

The complaint in this case, however, did not name Defendants Captain Jared Willmore or Sergeant Mitch Grover. (*Id.*) In October 2023, during discovery, Plaintiffs learned Captain Willmore supervised all employees at the MCDC and Sergeant Grover was the MCDC's classification deputy at the time of Stacey's death. Accordingly, in October 2023, Plaintiffs intended to join Captain Willmore and Sergeant Grover as defendants. But rather than moving to amend their complaint, Plaintiffs initiated a separate lawsuit that included Captain Willmore and Sergeant Grover as defendants to avoid any issue with the relevant statute of limitations. (*See Stacey, et al. v. Cnty. of Madison, et al.*, 4:23-cv-00444-AKB, ECF No. 1). The complaint filed in the second lawsuit (hereinafter "the Complaint") is nearly identical to the complaint in this case but names Captain Willmore and Sergeant Grover as defendants; incorporates the two into the Complaint's allegations; and excludes Sheriff Rick Henry as a defendant. (*Id.*)

Defendants thereafter filed a Motion to Dismiss the Complaint in the second action, (*Id.*, ECF No. 7), and Plaintiffs filed a motion to consolidate the two cases. (Dkt. 30). The Court granted the motion to consolidate and noted it would address the Motion to Dismiss afterwards. (Dkt. 33).

MEMORANDUM DECISION AND ORDER - 3

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a party can move to dismiss a complaint due to a plaintiff's "failure to state a claim upon which relief may be granted." A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint on the basis that, even if the plaintiff's factual statements were true, the defendant is not liable. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In assessing dismissal of claims pursuant to Rule 12(b)(6), the Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court generally only considers the complaint's well-pled allegations in addressing a Rule 12(b)(6) motion. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## III.  ANALYSIS

Defendants argue the Complaint, filed in the second action, fails to state a claim for three reasons: (1) the statute of limitations bars Plaintiffs' claims; (2) the complaint's state law claims fail under the Idaho Tort Claims Act; and (3) the claims against Madison County and its related entities are barred by the doctrine of res judicata. The Court will address each argument in turn.

### A.  Statute of Limitations

Defendants first argue the Plaintiffs' claims are time-barred. Defendants suggest that because Plaintiffs filed their complaint on October 10, 2023, more than two years after Stacey's death on October 8, 2021, the Complaint was filed after the two-year statute of limitations had run. In response, Plaintiffs argue their Complaint was timely because October 8, 2023, was a Sunday and October 9, 2023, was Columbus Day—a legal holiday. Therefore, Plaintiffs contend that under Federal Rule of Civil Procedure 6, the statute of limitations was tolled until October 10, 2023, the day they filed the Complaint.

The Court concludes the Complaint was filed within the statute of limitations. Section 1983 claims adopt the same statute of limitations period as the forum state's personal injury actions. *See TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (citing *Wilson v. Garcia*, 471 U.S. 261, 279-80 (1985)). Under Idaho law, personal injury lawsuits against government officials must be commenced within two years of the incident. *See* Idaho Code § 5-219. An action is commenced in federal court when the complaint is filed. *See* Fed. R. Civ. P. 3. If the last day of a limitation period falls on a weekend or legal holiday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C).

Here, the parties appear to agree that all of Plaintiffs' claims are subject to a two-year statute of limitations and that the limitation period was scheduled to run on October 8, 2023, two years after Stacey's death. Under Rule 6, however, because October 8, 2023, was a Sunday and October 9, 2023, was a legal holiday, the limitations period continued until the next day, October 10, 2023. As such, Plaintiffs timely filed their complaint on the last day of the limitation period.

In their reply brief, Defendants acknowledge that, under Rule 6, the statute of limitations was tolled until October 10, 2023. Rather than concede the point, however, Defendants contend Plaintiffs should nevertheless be "estopped" from counting October 9, 2023, as a legal holiday because counsel for Plaintiffs apparently conducted a deposition that day. In Defendants' view, because Plaintiffs worked on Columbus Day and did not "observe" it as a legal holiday, this conduct "should estop them from using that technicality [Rule 6(a)(1)(C)] to avoid dismissal in this matter."

The Court disagrees. There is no case law—and Defendants do not provide any—to suggest a legal holiday under Rule 6(a)(1)(C) does not continue a limitation period if a party does not

"observe" the holiday. Absent legal authority to conclude otherwise, the Court will not deviate from the straightforward application of Rule 6 and concludes Plaintiffs filed the Complaint before the statute of limitations period expired.

    **B.**    **Idaho Tort Claims Act**

Defendants next argue Plaintiffs' state law claims are barred by the Idaho Tort Claims Act. Specifically, Defendants contend (1) Idaho Code § 6-904A immunizes Defendants from liability on Plaintiffs' state law claims and (2) Idaho Code § 6-610 requires dismissal of the Complaint's state law claims because Plaintiffs did not post a bond prior to filing suit.

    **1.**    **Idaho Code § 6-904A shields Madison County and its related subdivisions from liability.**

"The ITCA establishes that governmental entities are subject to liability for their own negligent or wrongful acts, and those of their employees who were acting within the course and scope of their employment." *Hoffer v. City of Boise*, 257 P.3d 1226, 1228 (Idaho 2011). The ITCA, however, also shields governmental entities and employees from liability for claims arising under certain circumstances. *See* Idaho Code §§ 6-904-6-904B. Relevant here, the ITCA provides the following immunity to governmental entities and employees:

> A governmental entity and its employees while acting within the course and scope of their employment and without malice or criminal intent and without reckless, willful and wanton conduct as defined in section 6-904C, Idaho Code, shall not be liable for any claim which . . .
>     . . . .
> 2. Arises out of injury to a person or property by a person under supervision, custody or care of a governmental entity . . . .

Idaho Code § 6-904A(2).

Defendants argue § 6-904A applies in this case because Pompa was under the custody of the MCDC and responsible for the death of Stacey. Consequently, Defendants argue they are immune under § 6-904A for two reasons: First, Defendants contend the Complaint fails to allege

**MEMORANDUM DECISION AND ORDER - 6**

they acted with either malice or criminal intent or that their conduct was reckless, willful, and wanton. Second, Defendants argue immunity under § 6-904A applies to governmental entities regardless of their employees' mental state.

Regarding Defendants' first argument, the Court disagrees. A governmental employee is immune from liability under § 6-904A if they act both "without malice or criminal intent" and "without reckless, willful and wanton conduct." *Hunter v. Dep't of Corr.*, 57 P.3d 755, 758 (Idaho 2002). "A plaintiff, therefore, may prove liability by showing either that the State acted with malice or criminal intent or that the State's action was reckless, willful and wanton." *Id.* at 759. A person's conduct is reckless, willful, and wanton under the ITCA "when a person intentionally and knowingly does or fails to do an act creating unreasonable risk of harm to another, and which involves a high degree of probability that such harm will result." Idaho Code § 6-904C.

Here, the Complaint's three state law claims of negligence/recklessness, negligent supervision, and wrongful death each explicitly characterize Defendants' conduct as reckless. More importantly, the factual allegations, if true, also support an inference that Defendants' conduct was reckless. The Complaint alleges Defendants knew or had reason to know about Pompa's violent tendencies and classified him as a medium-security inmate, nonetheless. Thus, the Complaint's allegations are sufficient to avoid dismissal on this ground.

Regarding Defendants' second argument, however, the Court agrees that, based on *Hoffer*, 257 P.3d at 1228, government entities are entitled to immunity under the ITCA regardless of the mental state of their employees. In *Hoffer*, the Idaho Supreme Court interpreted another immunity statute under the ITCA, Idaho Code § 6-904(3). Like § 6-904A, § 6-904(3) provides, "[a] governmental entity and its employees while acting within the course and scope of their employment and without malice or criminal intent shall not be liable for any claim which . . .

**MEMORANDUM DECISION AND ORDER - 7**

[a]rises out of assault, battery . . . or interference with contract rights." In interpreting § 6-904(3), the Idaho Supreme Court reasoned that the requirement that an employee acted "within the course and scope of their employment" and the language "and without malice or criminal intent" only applied to governmental employees—not governmental entities. *Hoffer*, 257 P.3d at 1228-29. As such, the Idaho Supreme Court concluded that § 6-904 provided complete immunity to governmental entities for the torts listed under subsection (3), even if the employee was acting with malice or criminal intent. *Id.* Courts interpreting *Hoffer* have extended its reasoning to similarly worded statutes under the ITCA. *See, e.g.*, *Bates v. 3B Det. Ctr.*, No. 4:14-cv-359-BLW, 2016 WL 1755404, at *1-2 (D. Idaho May 2, 2016) (interpreting Idaho Code § 6-904B).

Here, the first phrase of § 6-904A is worded similarly to § 6-904, with the exception that § 6-904A includes the governmental employee must act "without reckless, willful or wanton conduct." While the Idaho Supreme Court has not had the opportunity to address § 6-904A the same way it did with § 6-904(3) in *Hoffer*, the Court is confident it would reach same conclusion. As the court in *Bates* reasoned, statutory interpretation under Idaho law holds that "portions of the same act or section may be resorted to as an aid to determine the sense in which a word, phrase, or clause is used, and such phrase, word, or clause, repeatedly used in a statute, will be presumed to bear the same meaning throughout the statute . . . ." *Bates*, 2016 WL 1755404, at * 2 (quoting *St. Luke's Magic Valley Reg. Med. Ctr. v. Bd. of Cnty. Comm.*, 237 P.3d 1210, 1215 (Idaho 2010)). Thus, like § 6-904, the language under § 6-904A requiring an employee to be acting within the scope of employment, without malice, criminal intent, or reckless conduct, only applies to governmental employees. Accordingly, because the injury in this case—Stacey's death—was caused by an individual under the custody of a governmental entity, Madison County and its

**MEMORANDUM DECISION AND ORDER - 8**

organizational subdivisions are entitled to immunity on Plaintiffs' state law claims under § 6-904A(2).

### 2. Idaho Code § 6-610 bars Plaintiff's state law claims against Captain Willmore, Sergeant Grover, and Sheriff Henry.

A plaintiff seeking to sue a law enforcement officer under Idaho law for conduct arising out of the officer's official duties must post a bond with the court prior to filing the complaint. *See* Idaho Code § 6-610(2). "The purpose of this requirement is to ensure diligent prosecution of a civil action brought against a law enforcement officer." *Id.* Law enforcement officers include correctional officers. *See id.* § 6-610(1). If a plaintiff fails to post bond before filing suit against a law enforcement officer, "the judge *shall* dismiss the case." *Id.* § 6-610(5) (emphasis added). Dismissal only applies to claims brought under state law, however, not federal law. *See St. John v. Kootenai County*, No. 2:21-cv-00085-BLW, 2021 WL 3374972, at *2 (D. Idaho Aug. 3, 2021).

Here, Captain Willmore, Sergeant Grover, and Sheriff Henry are all law enforcement officers under § 6-610, and Plaintiffs were, therefore, required to post bond before filing their complaints in both consolidated cases. Because Plaintiffs failed to do so, their state law claims against Defendants are subject to dismissal. Although Plaintiffs acknowledge as much, they nevertheless request that the Court allow them to post bond now rather than dismiss their state law claims entirely. The Court declines to do so. Idaho law does not provide the Court with such discretion, and Plaintiffs failed to post bond in both lawsuits they initiated despite naming law enforcement officers in each case. Accordingly, the Court dismisses Plaintiffs' state law claims against the individual Defendants for failure to post bond under § 6-610(2).

### C. Res Judicata

Lastly, before the Court issued its consolidation order (Dkt. 33), Defendants argued any claims in the Complaint that were identical to those asserted in its first complaint should be

dismissed based on res judicata. Because the two cases have been consolidated, however, Defendants' argument is moot.

## IV.  ORDER

**IT IS ORDERED that:**

1. The Motion to Dismiss (s*ee Stacey, et al. v. Cnty. of Madison, et al.*, No. 4:23-cv-00444-AKB, ECF No. 7) is **GRANTED in part** and **DENIED in part**. Plaintiffs' state law claims are dismissed with prejudice.

DATED: August 06, 2024

Amanda K. Brailsford
U.S. District Court Judge